ZIBA LELAND, Appellant, *v.* CHARLES CAMERON, Executor, and WILLIAM E. BIDWELL *et al.*, Respondents.

MULLIN, J. The only difference between this and the preceding case is, that the premises sought to be recovered by the complaint are described as being on lot 33; the proof shows them to be on lots 33 and 34, and that the defendants show no title to lot 34, hence the plaintiff claims that he is entitled to that part of them lying on lot 34.

The complaint describes the premises as being on lot 33, on the north side of Morris street in the village of Bath, being the point between Morris and Steuben streets, and now occupied by Thomas Whigley. The defendants have, by the deed from the sheriff, title to a lot south part of lot 33 and 39, on the north side of Morris street in the village of Bath, containing together half an acre of land. The answer asserts title to the lot by virtue of this deed. There is nothing in the complaint to show that plaintiff claimed any part of lot 34, but he limits his claim to lot 33, yet his description of the lot unquestionably informs every person acquainted with the premises that a part of 34 is embraced in the boundaries claimed. But I think he should have shown on the trial how much of the Cole lot was embraced in lot 34, so that a judgment could have been rendered for that part of the premises in his favor.

The ground on which the learned judge put it on the trial, will enable the plaintiff, if he desires to do so, to bring another action for so much of the premises as lies on lot 34. I am in favor of affirming the judgment on that ground, with costs.

Judgment affirmed.